IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

PETER JAMES DUNKERLEY, :
:
    Petitioner. :
:
vs. : CIVIL ACTION 11-171-CB-M
:
LUTHER STRANGE, :
:
    Respondent. :

## REPORT AND RECOMMENDATION

This is an action under 28 U.S.C. § 2254 by an Alabama inmate which was referred for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), Local Rule 72.2(c)(4), and Rule 8 of the Rules Governing Section 2254 Cases. This action is now ready for consideration. The state record is adequate to determine Petitioner's claims; no federal evidentiary hearing is required. It is recommended that the habeas petition be dismissed, without prejudice, and that judgment be entered in favor of Respondent Luther Strange and against Petitioner Peter James Dunkerley. It is further recommended that Petitioner is not entitled to a certificate of appealability and, therefore, not entitled to appeal *in forma pauperis*.

Petitioner was convicted of possession of child pornography

in the Circuit Court of Mobile County on September 25, 2007 for which he received a sentence of seven years in the state penitentiary (Doc. 10). Appeal was made to the Court of Criminal Appeals of Alabama which affirmed the conviction and sentence (Doc. 14, Exhibit 3). Dunkerley's appeal for rehearing was overruled; the Alabama Supreme Court denied *certiorari* (Doc. 14, Exhibits 4-5). The Alabama Court of Criminal Appeals issued a certificate of judgment on August 14, 2009 (Doc. 14, Exhibit 6).

On August 23, 2010, Petitioner filed a State Rule 32 petition (Doc. 14, Exhibit 7). Respondent has asserted, in its Response of September 12, 2011, that "Dunkerley's Rule 32 petition remains pending in the Mobile County Circuit Court, with a hearing set for October 27, 2011, at 8:30 a.m." (Doc. 14, p. 4 and Exhibit 9).

Petitioner filed this action on April 6, 2011, raising the following claims: (1) he was denied equal protection of the law; (2) he was denied his first amendment rights; (3) there was insufficient evidence to convict him; and (4) his fifth amendment rights were violated (Doc. 10).[1]

---

[1] Petitioner originally filed this action on April 6, 2011, and, pursuant to an Order of the Court, later filed a petition that was in keeping with this Court's form (Doc. 10).

Respondent has answered the petition by asserting that Dunkerley has failed to exhaust his claims in the State courts (Doc. 14, pp. 5-7). The Eleventh Circuit Court of Appeals has held that "[a] federal court will not grant habeas corpus relief to a person held in custody pursuant to a state court judgment unless it appears that the applicant has exhausted remedies available to him in the state courts. *Walker v. Zant*, 693 F.2d 1087, 1088 (11th Cir. 1982) (*citing Bufalino v. Reno,* 613 F.2d 568, 570 (5th Cir. 1980); 28 U.S.C. § 2254(b)).

The evidence demonstrates that Petitioner has a hearing set in his State Rule 32 petition on October 27, 2011, at 8:30 a.m. (Doc. 14, Exhibit 9). Should his Rule 32 petition be denied, Dunkerley would need to appeal the denial to the Alabama Court of Criminal Appeals. If his appeal is unsuccessful, he would need to seek rehearing in the Alabama Court of Criminal Appeals. Finally, Dunkerley would have to seek *certiorari* in the Alabama Supreme Court to exhaust his claims in the State Courts.

The evidence demonstrates that Petitioner has not exhausted his State Court remedies. Therefore, it is recommended that this action be dismissed, without prejudice, so that Dunkerley can exhaust his State remedies before seeking federal review of his claims. It is further recommended that judgment be entered

in favor of Respondent Luther Strange and against Petitioner Peter James Dunkerley.

Furthermore, pursuant to Rule 11(a) of the Rules Governing § 2254 Cases, the undersigned recommends that a certificate of appealability (hereinafter *COA*) in this case be denied. 28 U.S.C. foll. § 2254, Rule 11(a) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."). The habeas corpus statute makes clear that an applicant is entitled to appeal a district court's denial of his habeas corpus petition only where a circuit justice or judge issues a COA. 28 U.S.C. § 2253(c)(1). A COA may issue only where "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where, as here, a habeas petition is being denied on procedural grounds without reaching the merits of the underlying constitutional claims, "a COA should issue [only] when the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003)

4

("Under the controlling standard, a petitioner must 'sho[w] that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were "adequate to deserve encouragement to proceed further."'"). Inasmuch as Dunkerley has not exhausted his claims in the state courts of Alabama and this Court must dismiss this action to allow him to return to state court to exhaust his state remedies as to these claims, *see Jimenez v. Florida Dept. of Corrections*, 481 F.3d 1337, 1342 (11th Cir.) ("If a petitioner has not exhausted all claims in a petition, a federal court must dismiss without prejudice both exhausted and unexhausted claims to allow petitioners to return to state court to exhaust state remedies for all claims."), *cert. denied sub nom. Jimenez v. McDonough*, 552 U.S. 1029 (2007), a reasonable jurist could not conclude either that this Court is in error in dismissing the instant petition or that Dunkerley should be allowed to proceed further, *Slack,* 529 U.S. at 484 ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further.").

**CONCLUSION**

It is recommended that Petitioner's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254, be denied, without prejudice. It is further recommended that Petitioner is not entitled to a certificate of appealability and, therefore, not entitled to appeal *in forma pauperis*.

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1. **Objection**. Any party who objects to this recommendation or anything in it must, within fourteen days of the date of service of this document, file specific written objections with the clerk of court. Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge. *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*). The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within fourteen days after being served with a copy of the recommendation, unless a different time is established by order. The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection. The objection party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's

6

recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2. **Transcript (applicable where proceedings tape recorded).** Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

Done this 6th day of October, 2011.

s/BERT. W. MILLING, JR.
UNITED STATES MAGISTRATE JUDGE